**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is

headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant DOJ has

possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 19, 2025, Plaintiff submitted a FOIA request to the Office of Information

Policy ("OIP"), a component of Defendant, seeking access to:

> All records of communication between any official or employee of
> the Department of Justice and any employee or representative of
> the media outlet Axios regarding the audio of the interview of
> former President Joe Biden by former Special Counsel Robert Hur.
>
> For purposes of clarification, please see:
> https://www.axios.com/2025/05/16/biden-hur-tape-special-
> counsel-audio.
>
> The time frame for this request is January 20, 2025 to the present.

6.      By letter dated May 27, 2025, the OIP acknowledged receipt of Plaintiff's request

on May 19, 2025, and advised Plaintiff that the request had been assigned tracking number

FOIA-2025-04508.  OIP also invoked FOIA's 10-day extension of time provision for "unusual

circumstances."

7.      Plaintiff has received no further communication from the OIP regarding the

request.

8.      On July 28, 2025, Plaintiff submitted a FOIA request to the OIP seeking access

to:

> All records of communication between any official or employee of
> the Department of Justice and any other individual or entity
> regarding the acquisition of the Department of Justice/Federal

2

Bureau of Investigation memorandum pertaining to the investigation of Jeffrey Epstein by the media outlet Axios.  For purposes of clarification, please see: https://www.axios.com/2025/07/07/jeffrey-epstein-suicide-client-list-trump-administration.  This request includes, but is not limited to,

All such records related to the release of the memo to any employee or representative of Axios prior to its public release,

All related records of communication between or among Department of Justice officials and employees, and

All related records of communication between any official or employee of the Department of Justice and any employee or representative of Axios.

The time frame for this request is June 1, 2025 to the present.

9.      By letter dated August 25, 2025, the OIP acknowledged receipt of Plaintiff's request on July 28, 2025, and advised Plaintiff that the request had been assigned tracking number FOIA-2025-06091.  OIP also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

10.      Plaintiff has received no further communication from the OIP regarding the request.

11.      As of the date of this Complaint, the OIP has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## <u>COUNT I</u>
### (Violation of FOIA, 5 U.S.C. § 552)

12.     Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13.     Defendant is in violation of FOIA.

14.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and

Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with

FOIA.

15.     Plaintiff has no adequate remedy at law.

16.     To trigger FOIA's administrative exhaustion requirement, Defendant was

required to make a final determination on Plaintiff's first request by July 2, 2025, and on

Plaintiff's second request by September 9, 2025.  Because Defendant failed to make a final

determination on Plaintiff's requests within the time limits required by FOIA, Plaintiff is deemed

to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it

employed search methods reasonably likely to lead to the discovery of records responsive to

Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's requests and *Vaughn* indices of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and

all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of

attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §

552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 16, 2025                    Respectfully submitted,

                                            */s/ Michael Bekesha*
                                            Michael Bekesha
                                            D.C. Bar No. 995749
                                            JUDICIAL WATCH, INC.
                                            425 Third Street SW, Suite 800
                                            Washington, DC 20024
                                            Tel:    (202) 646-5172
                                            Email: mbekesha@judicialwatch.org

                                            *Counsel for Plaintiff*